UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>RICHARD DENNIS STRECK, III,<br><br>        Defendant. | Case No. CR-12-157-S-BLW<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

This matter having come before the Court on Plaintiff's Motion for Preliminary Order of Forfeiture (ECF No. 34), and based upon the record and filings herein, and the Rule 11 Plea Agreement (ECF No. 27) which was entered into between RICHARD DENNIS STRECK, III, and the United States of America on December 11, 2012, by which the defendant pled guilty to violations of 26 U.S.C. §§ 5861(d) and 5871, said plea providing for forfeiture of any and all interests the defendant possessed in the Subject Property pursuant to 26 U.S.C. § 5872, and made applicable pursuant to 28 U.S.C. § 2461(c);

NOW, THEREFORE, THE COURT ORDERS that the United States' Motion for Preliminary Order of Forfeiture (ECF No. 34) is GRANTED and the

PRELIMINARY ORDER OF FORFEITURE - 1

defendant shall forfeit to the United States any property involved in or used in commission of the defendant's violations of 26 U.S.C. §§ 5861(d) and 5871, to include, but not be limited to, the following property (hereinafter "Subject Property"):

**<u>Subject Property</u>**:

1. A weapon made from a Remington Arms Company, Inc., Model Sportsman 48, 12 gauge semi-automatic shotgun, bearing serial number 3129449.

The Court has determined, based on the guilty plea to Count One of the Indictment as set out in the defendant's plea agreement, that the above property is subject to forfeiture pursuant to 26 U.S.C. § 5872, and made applicable pursuant to 28 U.S.C. § 2461(c), and that the United States has established the requisite nexus between such property and such offense.

The United States Attorney General (or a designee) is hereby authorized to seize the Subject Property, in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

The United States is further hereby authorized, pursuant to Fed. R. Crim. P. 32(b)(3) and 32.2(c)(1)(B) to conduct any discovery, including depositions, necessary to (1) identify, locate or dispose of the property ordered forfeited herein,

PRELIMINARY ORDER OF FORFEITURE - 2

any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third-party interests claimed pursuant to Section 853(n) herein.   Such discovery shall be in accordance with the Federal Rules of Civil Procedure.

The United States Attorney General (or a designee) is hereby authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

The United States shall publish on an official government internet site (www.forfeiture.gov) for at least thirty (30) consecutive days, notice of the order and its intent to dispose of the Subject Property in such a manner as the United States Attorney General (or a designee) may direct, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.   The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within sixty (60) days of the first publication date of the notice or within thirty (30) days of receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of her alleged interest in

PRELIMINARY ORDER OF FORFEITURE - 3

the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6), and made applicable pursuant to 28 U.S.C. § 2461(c).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in pursuant to 21 U.S.C. § 853(n)(2), and made applicable pursuant to 28 U.S.C. § 2461(c) for the filing of third party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is final as to the defendant at sentencing and will be made part of the sentence and included in the judgment.

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

PRELIMINARY ORDER OF FORFEITURE - 4



DATED: February 11, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court

PRELIMINARY ORDER OF FORFEITURE - 5